IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:05-cr-400-FDW-6

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>DIANE BEVERLY SIGUENZA, )<br>)<br>Defendant. )<br>)<br>) | ORDER |

THIS MATTER comes now before the Court upon Defendant's "Motion for Stay of Execution on Forfeiture of Property" (Doc. No. 319). Defendant states that her Motion "is not to be construed as a motion under 28 U.S.C. § 2255," but her chief complaints are "the coercive threats of intimidation made by defense counsel and the false or incorrect information supplied by the government." (Def.'s Mot., Doc. No. 319, at 1,3.) The time for Defendant to directly appeal her case has expired.[1] Thus, these claims of coercion and false information can only be heard via 28 U.S.C. § 2255. Accordingly, the Court hereby GIVES NOTICE under Castro v. United States, 540 U.S. 375 (2003), that it intends to recharacterize Defendant's letter as a Motion to Vacate, Correct, or Set Aside Sentence pursuant to § 2255. This recharacterization means that "any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions." Castro, 540 U.S. at 383. If Defendant objects to this recharacterization, she has thirty (30) days, **on or before June 5, 2009**, "to withdraw the motion or amend it so that it contains *all* the § 2255 claims [s]he believes [s]he has." Id. at 383 (emphasis added); see also United States v. Blackstock, 513 F.3d 128 (4th Cir.

---

[1] Defendant had initially filed a notice of appeal (Doc. No. 290), but her appeal was dismissed (Doc. No. 303).

2008).

        IT IS SO ORDERED.        Signed: May 5, 2009

Frank D. Whitney
United States District Judge