**FILED**
CHARLOTTE, N. C.

JUN 2 2009

U. S. DISTRICT COURT
W. DIST. OF N. C.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:05CR400

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CONSENT ORDER FOR** |
| v. | ) | **THIRD-PARTY PETITION** |
| | ) | |
| (6) DIANE BEVERLY SIGUENZA, | ) | |
| ———————————————— | ) | |
| PETITION OF UMPQUA BANK | ) | |
| | | |
| Defendant. | | |

THIS MATTER is before the Court by consent of the United States of America, by and through Edward R. Ryan, Acting United States Attorney for the Western District of North Carolina and petitioner Umpqua Bank ("petitioner"), through counsel, pursuant to Fed. R. Crim. P. 32.2(c). The government and petitioner have consented to this Order as a final adjudication and settlement of all matters with regard to the following property (the "subject property") covered by the Consent Order and Judgment of Forfeiture filed herein on October 29, 2008, which is a preliminary order with respect to the subject property:

> **Real property located at 40 Kindred Court, Chico, Butte County, California, APN: 002-050-239-000, including all appurtenances and improvements thereto.**

The government and petitioner have stipulated and agreed and the Court finds as follows:

1.      Petitioner has filed a timely petition in response to the Consent Order and Judgment of Forfeiture and the Court has jurisdiction over the subject property.

2.      On January 12, 1999, Feather River State Bank, now Umpqua Bank, filed a deed of trust, regarding the subject property, with the Butte County Recorder.

3. Defendant Diane Beverly Siguenza ("defendant") has or had a legal ownership in the subject property that is subject to forfeiture under the applicable statute, except that petitioner's interest is recognized as identified herein.

4. Any violations of applicable criminal statutes involving the subject property occurred without the knowledge and consent of petitioner.

5. Upon sale by the government of the subject property and after the government has paid all outstanding taxes and expenses of custody and sale, the government shall remit to petitioner the following amounts, but only to the extent that the net proceeds of the sale after deduction for taxes and expenses exceeds the sum of the following amounts:

    a. all unpaid principal due to petitioner under the Loan Payoff Statement attached hereto as Exhibit A, which was quoted May 7, 2009, that is, $117,071.91 unpaid principal;

    b. all unpaid interest at the contractual (not default) rate under the above described Loan Payoff Statement, that is, the current fixed amount of 7.25% until the date of payment; and

    c. all unpaid casualty insurance premiums for the property from the date of entry of the Consent Order and Judgment of Forfeiture to the date of the payment.

6. The payment to petitioner shall be in full settlement and satisfaction of all claims by petitioner to the property relating to this forfeiture claim brought by the United States and of all claims resulting from the incidents or circumstances giving rise to this case.

7. Upon payment, petitioner agrees to assign and convey its security interest to the

United States via recordable document and to release and hold harmless the United States, and any agents, servants, and employees of the United States acting in their individual or official capacities, from any and all claims by petitioner and its agents which currently exist or which may arise as a result of the actions by the Untied States against the property.

8.    Petitioner agrees not to pursue against the United States any other rights that it may have under the deed of trust, including but not limited to the right to initiate foreclosure.

9.    Petitioner agrees to join or consent to any government motions for interlocutory or stipulated sale of the property, or any motions to remove occupants from the property who fail to abide by the terms of an occupancy agreement, within ten days of petitioner's receipt of the motions.

10.    Petitioner waives any rights to further litigate its interest in the property against the government and waives its rights to petition for remission or mitigation of the forfeiture. Unless specifically directed by an order of the Court, petitioner shall be excused and relieved from further participation in this action.

11.    Petitioner understands and agrees that the United States reserves the right to, for legal reasons, terminate the forfeiture action at any time and that the United States reserves the right to, for any other reason, terminate the forfeiture action on or before the 90th day after this Court enters this Consent Order.

12.    Petitioner and the government agree to, to the extent necessary, execute further documents to convey clear title to the property to the United States and implement this Consent Order.

IT IS THEREFORE ORDERED THAT:

1.    The petition is allowed to the extent described above. Upon sale by the government

of the subject property, the amount of money identified above shall be released to petitioner in accordance with the terms of this Order.

2      Each party shall bear its own costs, including attorneys fees.


Signed this 2nd day of June, 2009.

FRANK D. WHITNEY
UNITED STATES DISTRICT JUDGE


ON MOTION OF AND
BY CONSENT OF THE PARTIES:


EDWARD R. RYAN
ACTING UNITED STATES ATTORNEY

Dated: 6-1-09

Benjamin Bain-Creed
Special Assistant United States Attorney

Dated: 5-26-09

LISA JONES  Umpqua BANK
Petitioner  SPECIAL ASSETS

Dated: 5/22/09

Melvin J. Beck, VP & Associate
Attorney for petitioner  Counsel


4