# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

DOCKET NO. 3:05-cr-400-FDW-6

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>DIANE BEVERLY SIGUENZA, )<br>)<br>**Defendant.** )<br>) | ORDER |

THIS MATTER comes now before the Court upon Defendant's Motion for Recusal (Doc. No. 327). Defendant's Motion is DENIED.

Defendant was named in a criminal complaint on March 30, 2006, as being part of a conspiracy to defraud and obtain money and property from victims, particularly the elderly, who were deceived into thinking they had won a sweepstakes contest. On July 27, 2006, the government indicted Defendant as one of ten co-conspirators engaged in the sweepstakes fraud. On October 31, 2007, Defendant entered into a plea agreement with the government in which she admitted "to being in fact guilty as charged in the counts." (Doc. No. 179 at ¶ 1.)

At all relevant stages of the proceedings, from the initial appearance through the plea agreement and sentencing, attorney Joseph L. Ledford represented Defendant. In her Motion to Recuse, Defendant states:

> It was brought to Mrs. Siguenza's attention numerous times by [Mr. Ledford] that Mr. Ledford is close friends with Judge Frank D. Whitney and Assistant U.S. Attorney Patrick M. Donley. With this in mind, along with the threats made by Mr. Ledford of what the Judge and Prosecutor would do to Mrs. Siguenza if she did not succumb to forfeiting her home to the Government, both the Court and the Prosecutor must disqualify themselves from further proceedings in this case.

(Doc. No. 327 at 1.)  This is the sum total of Defendant's factual allegations in support of recusal.

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).  "Disqualification is required if a reasonable factual basis exists for doubting the judge's impartiality.  The inquiry is whether a reasonable person would have a reasonable basis for questioning the judge's impartiality, not whether the judge is in fact impartial." In re Beard, 811 F.2d 818, 827 (4th Cir. 1987).  In Beard, one of the parties asked the judge to recuse because he was neighbors with the opposing attorney, whom the judge described in open court as "a fine man." Id. at 824.  The Fourth Circuit upheld the judge's decision not to recuse, stating the following rule: "'Mere general allegations of intimacy of the judge with opponents' are insufficient to require recusal . . . in a case involving personal bias." Id. at 828 (quoting Morse v. Lewis, 54 F.2d 1027, 1032 (4th Cir.1932)).

Defendant's allegation here is not that the undersigned indicated close friendship with Mr. Ledford, but the reverse.  A reasonable person would not have a basis for questioning a judge's impartiality because of an attorney's statements that he was friends with the judge and the prosecutor.  Were the case otherwise the undersigned would be required to recuse from a great many cases, having served as both a prosecutor and as defense counsel in the region for a number of years and, therefore, being familiar with the vast majority of attorneys.  Defendant's allegations amount to no more than a general allegation of intimacy with a member of the bar, which is insufficient to require recusal.

With regard to Mr. Ledford's alleged threats concerning "what the Judge and Prosecutor would do," case law from both the Supreme Court and the Fourth Circuit clearly allows the

prosecution to "threaten criminal defendants with harsher prosecution during plea negotiations and to carry out those threats if the defendants refuse to accept the prosecution's plea offers." United States v. Williams, 47 F.3d 658, 660 (4th Cir. 1995) (citing Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978)). With this range of conduct available to prosecutors, defense counsel is not only permitted but surely obligated to inform clients of the repercussions of plea negotiations.

Because Defendant alleges no facts that would lead a reasonable person to have a basis for questioning the impartiality of the Court, Defendant's Motion is DENIED.

IT IS SO ORDERED.  Signed: June 11, 2009

Frank D. Whitney
United States District Judge